**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>LUIS HUMBERTO AREVALO,<br><br>Defendant. | Case No. 23-CR-2387-TWR<br><br>**<u>FINDINGS OF FACT AND ORDER OF DETENTION</u>** |

On December 15, 2023, the Court held a hearing on the Defendant's Appeal of Detention Order issued by the magistrate court[1], pursuant to Title 18 United States Code § 3145(b). The Court's review of the magistrate court's findings of fact and detention order is *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). The hearing was conducted in accordance with section 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 *et seq.*). At the detention hearing, Assistant United States Attorney James Miao appeared on behalf of the United States, and Daniel Casillas appeared on behalf of Defendant.

---

[1] ECF No. 10

Based on the evidence proffered by the parties, the Court concludes the following: (1) there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required; (2) the Defendant has rebutted the presumption; (3) there are conditions or a combination of conditions which can be set which will reasonably assure the appearance of the Defendant as required; and (4) on the record before this Court, the Defendant does not appear to be able to satisfy the conditions of release that the Court finds are necessary to reasonably assure the Defendant's appearance as required. Therefore, the Court denies Defendant's motion at this time and orders the Defendant detained pending trial in this matter, without prejudice.

# I.

# FINDINGS OF FACT

A.  *Nature and Circumstances of the Offense Charged, 18 U.S.C. § 3142(g)(1)*

1. Defendant is charged in a one-count Information with Possession of a Controlled Substance with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 18 U.S.C. § 2.

2. As alleged by the Government in its Statement of Probable Cause (ECF No. 1), on October 25, 2023, the Defendant was arrested by Homeland Security Investigations (HSI) agents who had been surveilling Defendant prior to initiating a traffic stop on a 2018 Nissan Sentra being driven by the Defendant. Agents had previously observed another Hispanic male placing brick-shaped packages of narcotics into the 2018 Nissan Sentra driven by the Defendant. Defendant then drove to a different address, and parked next to a 2023 Nissan Sentra. The trunks of both Sentras were opened for approximately 30 to 40 minutes. When agents attempted to pull both Sentras over, the driver of the 2023 Sentra fled the area. Agents located approximately 20.14 kilograms of cocaine contained within a backpack, a shopping bag, and a box inside the trunk of the 2023 Sentra. Later, when agents towed the 2018 Sentra – which Defendant had been driving – to the San Ysidro Port of Entry, Z-portal X-ray scans revealed two non-factory compartments built beneath the floorboard of the 2018 Sentra. A search of the two compartments revealed another 33.96

kilograms of cocaine, bringing the total seizure amount to 54.1 kilograms (119.27 pounds). Agents also located two plastic bags inside one of the compartments, which contained 81 rounds of Luger 9 mm ammunition.

3. If convicted of this charge, Defendant faces a maximum custodial term of life in prison, and a mandatory-minimum custodial term of ten years. Based upon the alleged net weight of narcotics seized, the base offense level under the United States Sentencing Guidelines is likely 32, accounting for some reduction in weight for packaging. Pursuant to Title 18 U.S.C. § 3142(e)(3)(a), the charge in this case creates a rebuttable presumption that no condition or combination of conditions can be set which be reasonably assure the Defendant's appearance as required. Based on the totality of the evidence, the Court finds that the Defendant has rebutted the presumption. Nevertheless, the nature and circumstances of the offense are serious. Accordingly, the nature and circumstances of this offense weigh in favor of detention.

B. *Weight of the Evidence Against Defendant, 18 U.S.C. § 3142(g)(2)*

After considering the statement of probable cause in the Complaint (ECF No. 1), as well as the joint statement of facts proffered by the parties, the Court finds that the weight of the evidence is strong and this factor weighs in favor of detention, but acknowledges that this factor is to be given the least weight.

C. *History and Characteristics of Defendant, 18 U.S.C. § 3142(g)(3)*

1. Character: With the exception of the two months prior to Defendant's arrest in this case, the Defendant has been steadily employed for approximately seven years. This factor weighs in favor of setting conditions of release.

2. Physical and Mental Condition: The record does not contain information regarding any physical or mental conditions which may affect the Defendant's ability to appear as required. This factor is neutral.

3. Family Ties: Defendant has family in both the United States and Mexico. It appears that the Defendant's family ties to the United States are strong. He has recently resided with his mother and older sister, and several family members appeared to support

the Defendant at this hearing as well as the detention hearing before the magistrate court. This factor weighs in favor of setting conditions of release.

4. Employment: As discussed above, apart from an approximately two-month period prior to Defendant's arrest, he has been gainfully employed during the remainder of his adulthood. This factor weighs in favor of setting conditions of release.

5. Financial Resources: The Court does not have information in the record regarding Defendant's financial resources. Therefore, this factor is neutral.

6. Length of Residence in the Community: The Defendant is a United States citizen and has resided in the San Diego area for most of his adult life. He also has significant family ties to the San Diego area. This factor weighs in favor of setting conditions of release.

7. Past Conduct: In 2015, the Defendant was arrested for and charged with unlawful importation of a controlled substance in case number 15-CR-2031-JM. The alleged conduct involved crossing the international border at a land port of entry with approximately 0.43 pounds of methamphetamine concealed on the Defendant's person. The charge was dismissed on the Government's motion. Although mindful of the fact that the prior charge was dismissed, the conduct is concerning and weighs in favor of detention.

8. History Relating to Drug or Alcohol Abuse: The record supports that the Defendant has previously struggled with drug and alcohol abuse. The record is unclear as to the recency of any drug and alcohol abuse. This factor weighs in favor of detention.

9. Criminal History: As discussed above, the Defendant was prosecuted for unlawful importation of methamphetamine in 2015. Although the charge was dismissed, this prior contact with the criminal justice system is concerning and this factor weighs in favor of detention.

10. Record Concerning Appearance at Court Proceedings: During the pendency of the Defendant's 2015 case, 15-CR-2031-JM, the Defendant was released on a $20,000 personal surety bond cosigned by two financially responsible adults and with a 10% cash deposit. During his time on bond, the Defendant appeared in court as directed and complied

with the conditions of his release. This factor weighs in favor of setting conditions of release.

11. Supervision: The Defendant was not on probation, parole, or pretrial release at the time of the alleged offense or his arrest in this case. This factor weighs in favor of setting conditions of release.

## II.
## CONCLUSIONS REGARDING DETENTION

Based on the factors set forth in 18 U.S.C. § 3142(g), the Defendant has rebutted the presumption that no condition or combination of conditions can reasonably assure his appearance as required. While the Defendant does present a risk of flight, the Court finds that there are conditions that can be set, which will reasonably assure the appearance of the Defendant at future court proceedings. The Defendant has proposed setting a bond secured by $30,000 with a 10% cash deposit, and co-signed by one financially responsible and related adult (FRRA). The Court finds that the Defendant's proposed conditions of release are not sufficient to reasonably assure his appearance as required.

Given the balance of factors in this case, the Court finds that any combination of conditions that reasonably assure the Defendant's appearance would require greater security than the bond set in 15-CR-2031-JM, which required the co-signature of two financially responsible adults. Based upon the defense's proffer, at this time, it does not appear that the Defendant can satisfy the conditions of release which this Court finds are the minimum necessary to assure his appearance as required.

Under these circumstances, the Court declines to set conditions of release which would be impossible for the Defendant to meet. *See United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019) (affirming district court's order of detention where district judge declined to set financial condition of bond after making factual finding that defendant could not post such a bond). The Court's order of detention shall be made without prejudice. Nothing in this Court's findings or order should be construed to limit the Defendant from proposing other conditions of release.

## III.

## ORDER

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by counsel for the defense and for the United States.

This order is made without prejudice to modification by this Court at a future date.

IT IS SO ORDERED.

DATED: 12/28/2023

HON. TODD W. ROBINSON
United States District Judge